UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MIA TUCKER

VERSUS

KEVIN MCCLANAHAN

CIVIL ACTION NO. 26-cv-353

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Mia Tucker ("Plaintiff"), who is self-represented, filed this civil action against Kevin Mcclanahan.  Her one-page complaint alleged that the defendant "had ex parte communication" and "should be subjected to impeachment."  No other facts were alleged.  Plaintiff demanded $100,000 in damages.  Plaintiff filed with her complaint a motion for leave to proceed in forma pauperis.

The court issued an order that granted the motion, and the clerk of court issued a summons for the defendant.  The order and summons were mailed to Plaintiff at the return address listed on the envelope in which she mailed her complaint to the court.   Both the order granting the motion and the summons were returned marked "Return to Sender No Such Number Unable to Forward."

Plaintiff's complaint is subject to dismissal for lack of timely service and for failure to keep the court informed of a current mailing address.  With respect to service, Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be

made within a specified time."  Plaintiff filed this civil action on January 29, 2026, so the 90-day period expired on April 29, 2026, almost a month ago.   Plaintiff has filed no proof of service or evidence that she has made any effort to effect service.

Plaintiff has also failed to keep the court apprised of her current address in accordance with Local Rule 11.1, which states that each attorney and pro se litigant has a continuing obligation to apprise the court of any address change.  See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).  The court received two pieces of returned mail on March 17, 2026.  More than 30 days have passed, and Plaintiff has not informed the court of her new address.

The court has no idea of Plaintiff's current address, as she has failed to keep the court apprised of it as required by local rule.  Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after her affairs.  In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation.  Dismissal without prejudice for failure to prosecute is warranted.  Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005).

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of May, 2026.

Mark L. Hornsby
U.S. Magistrate Judge